# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

## No. 10-6025

———

| | | |
|---|---|---|
| In re:  Kevin William Harman; Rosalind Mary Harman, | * | |
| | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Kevin William Harman; Rosalind Mary Harman, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Western |
| | * | District of Missouri |
| Debtors – Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Richard V. Fink | * | |
| | * | |
| Trustee – Appellee. | * | |

———

Submitted: August 24, 2010
Filed: September 3, 2010

———

Before KRESSEL, Chief Judge, SCHERMER and MAHONEY, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

Kevin and Rosalind Harman appeal from the bankruptcy court's[1] order confirming their chapter 13 plan over their objection. We affirm.

BACKGROUND

Kevin and Rosalind Harman filed a joint chapter 13 petition on July 27, 2009. Although still married, they maintain separate households. On September 21, 2009, they filed separate B22C (Statement of Current Monthly Income) forms, which detailed their incomes and household expenses separately.

On July 27, 2009, the Harmans filed a chapter 13 plan. That plan provided that they would jointly pay $155 per month from future earnings to the chapter 13 trustee for thirty-six months. On September 25, 2010, Richard Fink, the chapter 13 trustee, filed a motion to deny confirmation of their chapter 13 plan on the basis that the plan violated 11 U.S.C. § 1325(b) because: 1) the debtors filed separate B22C forms, when they should have filed one joint B22C form; 2) the debtors understated Rosalind's income; 3) the debtors are above-median and should have filed an above-median form B22C; 4) the debtors failed to explain their unusually high transportation expense; 5) they appeared to have overestimated their monthly daycare expenses; 6) they budgeted an expense for life insurance but listed no life insurance policies on their Schedule B; and 7) because the debtors are separated, they should have each filed a separate Schedule J. By October 22, 2009, the day of the first hearing on the trustee's motion to deny confirmation, the parties had resolved all of the issues raised in the trustee's motion except for one: whether the debtors were required to file a single, joint B22C form, or whether they were permitted to file separate forms. The significance of this issue to the parties is that they believe that the form determines whether the debtors are above- or below-median income, and consequently whether they may confirm a 36-month plan rather than a 60-month plan. The parties agreed that when considered separately,

---

[1] The Honorable Dennis R. Dow, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

each debtor's current monthly income is below median, but when considered together, their combined current monthly income is above median.

On November 19, 2009, the court granted the trustee's motion and denied confirmation of the Harmans' plan on the basis that they needed to include both debtors' income in their calculation of their current monthly income, and that when their incomes were correctly calculated, they were above median and could not confirm a 36- month plan.

On November 27, 2010, the Harmans filed a joint B22C form and another chapter 13 plan. Their combined incomes required an applicable commitment period of 60 months. On December 14, 2009, the trustee filed a motion to deny confirmation of the plan. The debtors filed an objection to their own plan on December 28, 2009, and filed an amended plan on January 19, 2010, to which the trustee again objected. The court denied confirmation of the new plan and ordered a confirmable plan to be filed within twenty-one days.

On February 26, 2010, the Harmans filed another amended plan. On March 10, 2010, they filed an objection to their plan. The trustee filed a motion to deny confirmation. The court held a hearing on April 15, 2010. The court overruled the Harmans' objection to confirmation of their plan and then denied the trustee's objection to the plan as moot. On May 4, 2010, the court issued an order confirming the February 26 chapter 13 plan, which provided that the Harmans would pay $155.00 per month for fifty-five[2] months. The Harmans appeal from that order. *See Zahn v. Fink (In re Zahn)*, 526 F.3d 1140, 1141 (8th Cir. 2008) (debtor had standing to appeal from an order confirming her own chapter 13 plan).

---

[2]     The trustee does not object to the debtors' proposal of a fifty-five month plan rather than a sixty-month plan.

Standard of Review

The issue of whether joint debtors must combine their income for the purposes of determining the applicable commitment period for a chapter 13 plan is an issue of law, which we review *de novo*. *The CIT Group/Equipment Financing, Inc. v. M & S Grading, Inc. (In re M & S Grading, Inc.)*, 307 F.3d 898, 899 (8th Cir. 2006); Bankr. R. 8013.

ANALYSIS

The debtors and the trustee ask whether chapter 13 joint debtors who maintain separate households must submit a single Form B22C (Statement of Current Monthly Income). This form, the parties argue, determines the debtors' current monthly income, which in turn determines the applicable commitment period for the debtors' chapter 13 plan. The parties' belief that the form determines the outcome of this appeal is incorrect. The bankruptcy rules require that "a debtor in a chapter 13 case [. . .] file a statement of current monthly income, prepared as prescribed by the appropriate Official Form, and, if the current monthly income exceeds the median family income for the applicable state and household size, a calculation of disposable income made in accordance with § 1325(b)(3), prepared as prescribed by the appropriate Official Form." Fed. R. Bankr. P. 1007(b)(6). The applicable form in this case is the B22C form. However, it is ultimately the statute, not the form, which determines the applicable commitment period. The official forms "shall be construed to be consistent with [the Federal Rules of Bankruptcy Procedure] and the Code." Fed. R. Bankr. P. 9009.

11 U.S.C. § 1325 provides that a chapter 13 plan may not be approved over the objection of the trustee or the holder of an allowed secured claim unless either "the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim" or "the plan provides that all of the

debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(A) and (B). Because the debtors have proposed a "base plan" rather than a plan that pays a one hundred percent dividend to non-priority unsecured creditors, they must satisfy § 1325(b)(1)(B). "Applicable commitment period" is defined in § 1325(b)(4):

> (A) subject to subparagraph (B), [the applicable commitment period] shall be—
>
>> (i) 3 years; or
>>
>> (ii) not less than 5 years, *if the current monthly income of the debtor and the debtor's spouse combined*, when multiplied by 12, is not less than—
>>
>>> (I) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;
>>>
>>> (II) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or
>>>
>>> (III) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $625 per month for each individual in excess of 4; and
>
> (B) may be less than 3 or 5 years, whichever is applicable under subparagraph (A), but only if the plan provides for payment in full of all allowed unsecured claims over a shorter period.

11 U.S.C. § 1325(b)(4) (emphasis added).  Section 1325(b)(4) does not refer to the B22C form.  The statute clearly requires a debtor to include his or her spouse's current monthly income when calculating the applicable commitment period under § 1325(b)(4).  The statute provides no exception for married debtors who maintain separate households.  Furthermore, "current monthly income" is a defined term.  Section 101(10A)(A) specifically provides that in a joint case, current monthly income includes the income that a debtor *and* the debtor's spouse received during the prescribed period.  11 U.S.C. § 101(10A)(A).  The plain language of the Bankruptcy Code therefore requires the debtors to combine their current monthly incomes for the purpose of calculating the applicable commitment period.  It follows that married debtors who file a joint bankruptcy petition should file a single Form B22C regardless of whether they maintain separate households.

CONCLUSION

Because the bankruptcy court was correct that the current monthly income of both spouses must be used to calculate the applicable commitment period, we affirm the bankruptcy court's order confirming the debtors' chapter 13 plan.

_____