**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: ANITRA BANKS MASSEY,
                                    *Debtor.*

ANITRA BANKS MASSEY, a/k/a Anitra
Sharmeen Banks,
                        *Plaintiff-Appellant.*

ROBERT E. HYMAN, U. S. Trustee;
GREGG R. NIVALA, U. S. Trustee;
HENRICO FEDERAL CREDIT UNION,
                        *Parties in Interest,*

and

NATIONAL ASSOCIATION OF CONSUMER
BANKRUPTCY ATTORNEYS,
                        *Amicus Curiae.*

No. 01-1426

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-00-755-3, BK-00-33272)

Submitted: August 31, 2001

Decided: October 17, 2001

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Charles H. Krumbein, Jason M. Krumbein, CHARLES H. KRUMBEIN & ASSOCIATES, Richmond, Virginia, for Appellant. John Rao, Elizabeth Renuart, NATIONAL CONSUMER LAW CENTER, INC., Boston, Massachusetts, for Amicus Curiae.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Anitra Banks Massey appeals from the district court order affirming the order of the bankruptcy court denying confirmation of her proposed Chapter 13 bankruptcy plan and continuing the case to allow Massey to file an amended plan. We dismiss the appeal for lack of jurisdiction because the order is not appealable.

District courts have jurisdiction over appeals from final orders entered by bankruptcy courts. *See* 28 U.S.C.A. § 158(a) (West Supp. 2001). The courts of appeals, in turn, have jurisdiction to hear appeals from "final decisions, judgments, orders, and decrees entered under" 28 U.S.C.A. § 158(a). 28 U.S.C.A. § 158(d) (West 1993). "A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (internal quotation marks omitted).

An order denying confirmation of a proposed Chapter 13 plan, without also dismissing the underlying petition or proceeding, is not final for purposes of appeal. *Lewis v. United States, Farmers Home Admin.*, 992 F.2d 767, 772-73 (8th Cir. 1993); *In re Szekely*, 936 F.2d 897, 899 (7th Cir. 1991); *In re Simons*, 908 F.2d 643, 644-45 (10th Cir. 1990). Because the bankruptcy court's order denying confirma-

tion and continuing the case was not a final order under § 158(a), the district court was without jurisdiction to hear the appeal. 28 U.S.C.A. § 158(a). Moreover, because the courts of appeals have jurisdiction over appeals from final orders entered under § 158(a), and the district court order herein appealed was not a final order entered under § 158(a), this court lacks jurisdiction over the appeal. *See* 28 U.S.C.A. § 158(d); *Lewis*, 992 F.2d at 773; *Szekely*, 936 F.2d at 899; *Simons*, 908 F.2d at 644-45.

Accordingly, we dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*