**In re David V. DUDLEY and Anne M. Dudley, Debtors.**

**W. Clarkson McDow, Jr. United States Trustee for Region IV, Movant.**

**v.**

**David V. Dudley and Anne M. Dudley, Respondents.**

No. 08–71561.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

July 20, 2010.

Garren Robert Laymon, William J. Charboneau, Magee Foster Goldstein & Sayers PC, Roanoke, VA, for Debtors.

Rebecca Connelly, Roy V. Creasy, Roanoke, VA, Trustees.

Joseph A. Guzinski, United States Trustee's Office, Roanoke, VA, U.S. Trustee.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on May 11, 2010, to consider the Debtors' Motion for Entry of Discharge (hereafter the "Motion for Discharge"), filed on April 13, 2010, as well as the U.S. Trustee's Objection to the Motion for Entry of Discharge (hereafter the "Objection"), filed on May 5, 2010. The Debtors assert that they are eligible for a discharge in their Chapter 7 bankruptcy case. The U.S. Trustee asserts that while the Debtors may be eligible under 11 U.S.C. § 727 for a discharge, Fed. R. Bankr.P. 4004(c)(1)(D) prohibits the granting of a discharge when a "motion to dismiss the case under § 707 is pending." The U.S. Trustee contends that in this case, the U.S. Trustee has a decision by this Court that denied the U.S. Trustee's Motion to Dismiss Case for Abuse Under 11 U.S.C. § 707 (hereafter the "Motion to Dismiss"), on appeal to the U.S. Court of Appeals for the Fourth Circuit, and argues that by virtue of this appeal it has a motion to dismiss the case pending under § 707 for purposes of delaying discharge of the Debtors' case under Rule 4004(c)(1)(D).[1] For the following reasons the Court will grant the Debtors' Motion for Discharge.

### Issue

As stated above, Rule 4004(c)(1)(D) permits a court to delay a discharge in a Chapter 7 case where there is a motion to dismiss a case pending under § 707. The issue for determination in the case at bar is whether there is a motion pending under § 707.

### Procedural History

On June 17, 2009, this Court entered an Order granting the Debtor's motion for summary judgment and denying the U.S. Trustee's Motion to Dismiss. The U.S. Trustee filed a notice of appeal on June 29, 2009 to the U.S. District Court for the Western District of Virginia (hereafter the "District Court"). On April 28, 2010, the District Court entered an Order dismissing the U.S. Trustee's appeal. The District Court based its decision to dismiss the appeal on the ground that the Order denying the U.S. Trustee's Motion to Dismiss entered by this Court was interlocutory in nature and because the U.S. Trustee had not properly certified the appeal as interlocutory the District Court lacked subject matter jurisdiction to hear the matter. On June 25, 2010, the U.S. Trustee appealed the District Court's dismissal to the U.S.

---

1. Fed. R. Bankr.P. 4004(c)(1)(D) states,
   (c) Grant of Discharge
   (1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless:
   (D) a motion to dismiss the case under § 707 is pending.
   Fed. R. Bankr.P. 4004(c)(1)(D) (West, 2010).

Court of Appeals for the Fourth Circuit (hereafter the "Court of Appeals"). The issue before the Court of Appeals is whether the District Court's finding that the matter was interlocutory was correct.

### Discussion

■ Given the procedural history and issue on appeal to the Court of Appeals it does not appear that a motion to dismiss under § 707(b) is currently pending. In the event that the Court of Appeals affirms the District Court's decision that this Court's denial of the Motion to Dismiss was interlocutory, the order of this Court granting summary judgment would stand as the law of the case. Since this Court decided all issues relating to § 707 when it granted summary judgment, there would no longer be a pending motion under § 707 for purposes of Rule 4004(c)(1)(D). Accordingly, there would be no impediment to granting the Debtors a discharge.[2]

Should the Court of Appeals reverse the District Court's decision and find that this Court's denial of the Motion to Dismiss was a final order then the matter would be remanded back to the District Court for adjudication of the substantive issues contained in the appeal to the District Court. However, under this scenario the Debtors would still be entitled to an immediate discharge. Addressing a factual scenario similar to this one, *In re Close*, 384 B.R. 856, 871 (D.Kan.2008), rejected the notion that a case under § 707 was pending for

purposes of Rule 4004(c)(1)(D) while the Trustee appealed an order of the bankruptcy court denying its motion to dismiss. In reaching its finding the court noted that for purposes of Rule 4004 a motion to dismiss under § 707 is pending "from inception until final judgment." In support of its finding that the case under § 707 was final and thus, no longer pending *Close* paid particular attention to the fact that the trustee did not obtain a stay pending appeal which would have prevented immediate finality. *Id.* In this case, should the Court of Appeals determine that this Court's denial of the Motion to Dismiss was final, then a case under § 707 would no longer be pending because the U.S. Trustee did not seek a stay pending appeal and, as stated in *Close*, "there is no stay of execution preventing immediate finality from an order denying a motion to dismiss under § 707(b)." *Id.* Therefore, under this scenario, the U.S. Trustee no longer has a case under § 707 pending for purposes of delaying a discharge under Rule 4004(c)(1)(D).[3]

■ In conclusion, the Court finds that regardless of the outcome of the U.S. Trustee's appeal to the Court of Appeals, the U.S. Trustee no longer has a motion to dismiss pending under § 707(c)(1)(D) for purposes of delaying a discharge under Rule 4004(c)(1)(D).[4] Therefore the Court finds that the U.S. Trustee's objection to

---

2. The same analysis applies if the Court of Appeals dismisses the U.S. Trustee's appeal.

3. The reasoning of *Close* applies equally to the possibility that the Court of Appeals would affirm the District Court or dismiss the appeal.

4. The Court notes the U.S. Trustee's assertion that once a matter has been appealed the trial court may not address or hear any matters related to those on appeal. *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir.

2007) (quoting *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1190 (9th Cir.2000)) holds that "[t]he bankruptcy court retains jurisdiction over all other matters that it must undertake 'to implement or enforce the judgment or order,' although it 'may not alter or expand upon the judgment.'" *See also, In re Seminole Walls & Ceilings Corp.*, 412 B.R. 878 (M.D.Fl.2008) and *In re AMC Investors*, 406 B.R. 478 (Bankr.D.Del.2009). In this case the granting of the Debtors' discharge will not alter or expand the denial of the Motion to Dismiss but merely implement or enforce it.

the Motion for Discharge should be overruled and the Motion for Discharge granted.[5]  Accordingly it is,

**ORDERED:**

That the Debtors' Motion for Entry of Discharge is hereby **GRANTED** and the discharge will issue.

Copies of this Decision and Order are directed to be sent to counsel for the Debtors, William J. Charboneau, Esq.; to Joseph A. Guzinski, Esq., Office of the United States Trustee; and to the Chapter 7 Trustee, Roy V. Creasy, Esq.

---

**5.** The Court notes that should the Court of Appeals reverse the District Court and the District Court reverses this Court's decision to deny the Motion to Dismiss, which would dismiss the Debtors' case, the discharge granted by this Court could be vacated under 11 U.S.C. § 727(d).