**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

W. CLARKSON MCDOW, JR., United
States Trustee for Region Four,

*Trustee-Appellant,*

v.

DAVID V. DUDLEY; ANNE M.
DUDLEY,

*Debtors-Appellees,*

and

ROY V. CREASY; JOSEPH ANTHONY
GUZINSKI, III; REBECCA CONNELLY,

*Trustees.*

No. 10-1732

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, District Judge.
(7:09-cv-00336-sgw)

Argued: September 22, 2011

Decided: November 30, 2011

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Vacated and remanded by published opinion. Judge Niemeyer
wrote the opinion, in which Judge King and Judge Agee
joined.

**COUNSEL**

**ARGUED:** Wendy Cox, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Garren Robert Laymon, MAGEE GOLDSTEIN LASKY & SAYERS, PC, Roanoke, Virginia, for Appellees. **ON BRIEF:** Ramona D. Elliott, General Counsel, P. Matthew Sutko, Associate General Counsel, Executive Office for United States Trustees, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; W. Clarkson McDow, Jr., United States Trustee for Region 4, John R. Byrnes, Assistant United States Trustee, Office of the United States Trustee, UNITED STATES DEPARTMENT OF JUSTICE, Roanoke, Virginia; Joseph A. Guzinski, Assistant United States Trustee, Office of the United States Trustee, UNITED STATES DEPARTMENT OF JUSTICE, Alexandria, Virginia, for Appellant. Andrew S. Goldstein, MAGEE GOLDSTEIN LASKY & SAYERS, PC, Roanoke, Virginia, for Appellees.

---

**OPINION**

NIEMEYER, Circuit Judge:

The issue presented by this appeal is whether an order denying the U.S. Trustee's motion to dismiss a debtor's Chapter 7 bankruptcy case as abusive under 11 U.S.C. § 707(b) is a final order appealable under 28 U.S.C. § 158(a). The district court dismissed the U.S. Trustee's appeal, ruling that the bankruptcy court's order was interlocutory and therefore not appealable to the district court.

Because of the particular effect that an order denying a motion to dismiss a Chapter 7 bankruptcy case as abusive has on the bankruptcy proceedings, we conclude that a bankruptcy court's order denying such a motion is appealable to the district court. Accordingly, we vacate the district court's

order dismissing the U.S. Trustee's appeal and remand for further proceedings.

I

David and Anne Dudley filed a voluntary petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code on August 18, 2008. When the Chapter 13 trustee moved to dismiss the case or to convert it to a Chapter 7 case, the Dudleys filed a motion to convert their case to a Chapter 7 case, which the bankruptcy court granted. Thereafter, the U.S. Trustee, W. Clarkson McDow, Jr., filed a motion to dismiss the Chapter 7 case under 11 U.S.C. § 707(b)(1) as abusive. In support of his motion, the U.S. Trustee asserted that the Dudleys failed the means test under § 707(b)(2), claiming that their income, after the deduction of appropriate expenses, would leave the Dudleys with over $2,000 per month to pay creditors. The U.S. Trustee also relied on § 707(b)(3), alleging that the Dudleys' overall circumstances demonstrated abuse because they had the financial ability to repay their creditors.

The Dudleys opposed the U.S. Trustee's motion to dismiss and filed a motion for summary judgment, contending that § 707(b) did not apply to a case such as theirs where the petition was initially filed under Chapter 13 and thereafter converted to a Chapter 7 case. They relied on the language of § 707(b), which authorizes the bankruptcy court to dismiss a case "filed by an individual debtor *under this chapter*," arguing that "this chapter" refers to Chapter 7.

The Bankruptcy Court agreed with the Dudleys. Although it recognized that it was ruling against the considerable weight of authority, it held that the plain meaning of "filed under this chapter" only included cases in which the petition was *originally* filed under Chapter 7 and did not encompass *converted* cases, such as the Dudleys' case. *In re Dudley*, 405 B.R. 790 (Bankr. W.D. Va. 2009). Thus, the bankruptcy court denied the U.S. Trustee's motion to dismiss the bankruptcy

case under § 707(b) and entered summary judgment on the issue in favor of the Dudleys. *Id.* at 801.

The U.S. Trustee appealed the bankruptcy court's order to the district court, and the district court, acting *sua sponte*, dismissed the appeal for lack of subject matter jurisdiction. *McDow v. Dudley*, 428 B.R. 686 (W.D. Va. 2010). The district court held that the bankruptcy judge's order was not "final" within the meaning of 28 U.S.C. § 158(a)(1) (conferring appellate jurisdiction on district courts for review of "final judgments, orders, and decrees . . . of bankruptcy judges"). *Id.* at 688-89.

This appeal followed.

While this appeal was pending, the bankruptcy court continued with the case and ultimately entered an order, over the U.S. Trustee's objection, discharging the Dudleys' debts. The U.S. Trustee argued that the order of discharge was improper because (1) the bankruptcy court lacked jurisdiction while the case was on appeal and (2) Bankruptcy Rule 4004(c)(1)(D) prohibits discharge if "a motion to dismiss the case under § 707 is pending." The bankruptcy court responded to the U.S. Trustee's argument, stating that "should the Court of Appeals reverse the District Court and the District Court reverse this Court's decision to deny the Motion to Dismiss, which would dismiss the Debtor's case, the discharge granted by this Court could be vacated." *In re Dudley*, 431 B.R. 703, 706 n.5 (Bankr. W.D. Va. 2010). The U.S. Trustee appealed the bankruptcy court's discharge order, as well as "all prior interlocutory orders that are merged into the final [discharge order]," and the district court has stayed that appeal pending resolution of this appeal.

II

The district court's appellate jurisdiction over bankruptcy orders is governed by 28 U.S.C. § 158(a), which provides, as

pertinent here, that "the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . entered in cases and proceedings referred to the bankruptcy judges under Section 157 of this title." 28 U.S.C. § 158(a)(1). The district court concluded that a bankruptcy order denying the U.S. Trustee's motion to dismiss a bankruptcy proceeding under 11 U.S.C. § 707(b) as abusive is not a final order. The court explained that because the bankruptcy court had not yet decided whether the Dudleys would receive a discharge in bankruptcy, "the decision to be reviewed here is subject to being overtaken or superseded by other proceedings in the Bankruptcy Court and hardly seems ripe for appellate review." *McDow*, 428 B.R. at 689.

Thus, the question presented is whether a bankruptcy judge's order denying a § 707(b) motion to dismiss a Chapter 7 bankruptcy case as abusive is a final order within the meaning of 28 U.S.C. § 158(a)(1).

We have recognized as a general matter, as have other courts of appeals, that "the concept of finality in bankruptcy cases 'has traditionally been applied in a more pragmatic and less technical way . . . than in other situations.'" *In re Computer Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986) (alteration in original)); *see also In re ASARCO, L.L.C.*, 650 F.3d 593, 599-600 (5th Cir. 2011); *In re Marcal Paper Mills, Inc.*, 650 F.3d 311, 314 (3d Cir. 2011); *Ritchie Special Credit Invs., Ltd. v. U.S. Trustee*, 620 F.3d 847, 852 (8th Cir. 2010); *In re McKinney*, 610 F.3d 399, 401-02 (7th Cir. 2010); *In re Rudler*, 576 F.3d 37, 43-44 (1st Cir. 2009). As we explained in *A.H. Robins Co.*:

> The special or unique reason for this relaxed rule of appealability in bankruptcy is that "[b]ankruptcy cases frequently involve protracted proceedings with many parties participating. To avoid the waste of time and resources that might result from reviewing

discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory."

788 F.2d at 1009 (quoting *In re Amatex Corp.*, 755 F.3d 1034, 1039 (3d Cir. 1985)). Thus, because of the special nature of bankruptcy proceedings, which often involve multiple parties, claims, and procedures, the postponing of review by the district court and the court of appeals of discrete issues could result in the waste of valuable time and already scarce resources. *See id.* at 1009; *see also In re Northwood Props., LLC.*, 509 F.3d 15, 21 (1st Cir. 2007). We have concluded, therefore, that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *In re Computer Learning Ctrs., Inc.*, 407 F.3d at 660 (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)).

Noting this jurisprudence, the U.S. Trustee contends that, in this case, an order denying a § 707(b) motion to dismiss should be treated as a final order because it resolves a discrete dispute within a larger bankruptcy proceeding and therefore would be immediately appealable. The particular nature of a § 707(b) motion, the Trustee argues, distinguishes such a motion from motions to dismiss generally, such as those under Federal Rule of Civil Procedure 12(b) or under 11 U.S.C. § 1112(b)(1)-(4) (authorizing an action to dismiss a Chapter 11 proceeding for "cause"). Focusing on a § 707(b) motion, the Trustee suggests that it functions as a complaint that alleges a statutorily mandated cause of action for dismissal of a case that is abusive, and the denial of the motion therefore effectively extinguishes that claim. Without immediate review, the bankruptcy proceedings would continue with the liquidation and distribution of the debtors' assets, with the effect that the issue of bankruptcy abuse would be resolved only after the assets of the debtor have been liquidated and distributed. This scenario would result in significant ineffi-

ciency by depleting the resources of the judicial system and by exhausting debtor resources that could otherwise be used to pay creditors. In addition, the U.S. Trustee points out, the postponing of review of the denial of a § 707(b) motion until the assets have been liquidated and distributed could result in substantial unfairness and inefficiency because the bankruptcy proceedings and distributions would then have to be "unwound" after appeal, if that were then possible.

The Dudleys contend that the denial of a § 707(b) motion to dismiss is not a final order because it does not represent the conclusive resolution of a discrete dispute within the larger bankruptcy case. They argue that the denial simply permits the case to continue in the same way that denial of a Federal Rule of Civil Procedure 12(b) motion to dismiss in civil cases permits the case to continue. The Dudleys claim that allowing immediate appeal from the denial of a § 707(b) motion will multiply the number of appeals in bankruptcy proceedings and thereby delay the ultimate resolution of the case, especially since Chapter 7 proceedings are typically liquidation proceedings. Thus, the Dudleys conclude that allowing the U.S. Trustee to appeal the denial only after the bankruptcy court has entered an order effectively ending the case would result in judicial efficiency.

To resolve the issue before us, it is beneficial to consider the precise nature and effect of the order at issue—an order denying a § 707(b) motion.

Congress added the current version of § 707(b) to the Bankruptcy Code with its enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The prior version of § 707(b) required a showing of "substantial abuse" to justify dismissal of a Chapter 7 case, and even then a presumption existed in favor of the debtor. The BAPCPA, however, repealed the "substantial" qualifier of "abuse" and altered the presumption favoring the debtor by adding a "means test" under which a Chapter 7 case

can be found presumptively abusive. Under the means test, if the debtor's average monthly disposable income, as calculated under the statute, exceeds the statutory threshold, then the case is presumptively abusive and must be dismissed unless the debtor can show "special circumstances." 11 U.S.C. § 707(b)(2)(A)-(B). The BAPCPA also added § 707(b)(3), which authorizes the dismissal of a Chapter 7 case as abusive even when the means test does not create a presumption or the presumption is rebutted, giving the bankruptcy court the discretion to dismiss a case as abusive if there is "bad faith" or the "totality of the circumstances . . . demonstrates abuse." *Id.* § 707(b)(3).

The BAPCPA also made the determination of whether a Chapter 7 case is abusive a mandatory threshold question. Under the BAPCPA, the U.S. Trustee is *directed* to determine whether a case is presumptively abusive according to the means test and to file a statement about his conclusion within 10 days of the initial meeting of creditors. 11 U.S.C. § 704(b)(1)(A). Then, within 30 days of filing this statement, the U.S. Trustee *must* either file a motion to dismiss the case as presumptively abusive or file a detailed statement explaining why dismissal is not appropriate if the presumption has arisen from application of the means test. *Id.* § 704(b)(2).

These new provisions manifest a congressional policy to police all Chapter 7 cases for abuse at the outset of a Chapter 7 proceeding, and they raise pragmatic considerations that indicate that the denial of a § 707(b) motion to dismiss is different from the denial of other motions to dismiss, such as those filed under Federal Rule of Civil Procedure 12(b) or 11 U.S.C. § 1112(b)(1)-(4). Section 707(b) requires that the U.S. Trustee apply the means test to Chapter 7 cases within a short time frame and, if the means test creates a presumption of abuse, to file a motion to dismiss the case within another relatively short time frame. Because of these strict time periods, which indicate that the issue is a threshold matter, the motion to dismiss a Chapter 7 case as abusive cannot be filed at any

other time during the bankruptcy proceedings. Moreover, the U.S. Trustee is directed to apply the statutory means test and, if a presumption of abuse is created, to file the motion to dismiss or explain his decision not to. In contrast, under the dismissal provision in Chapter 11 proceedings, parties may bring an action to dismiss for "cause" under § 1112(b) throughout the bankruptcy proceedings, and the circumstances or events that constitute "cause" may arise at any time.

The Seventh Circuit has recognized the importance of these differences, holding that the denial of a motion to dismiss a case as abusive under § 707(b) is a final order despite precedent establishing that the denial of a motion to dismiss a Chapter 11 case under § 1112(b) is not final. *See In re Ross-Tousey*, 549 F.3d 1148, 1152-53 (7th Cir. 2008) (distinguishing *In re Jartran*, 886 F.2d 859 (7th Cir. 1989)), *abrogated on other grounds by Ransom v. FIA Card Services*, 131 S. Ct. 716 (2011). The First Circuit, the only other circuit to have addressed the finality of the denial of a motion to dismiss a case as abusive under the current version of § 707(b), has agreed with the Seventh Circuit's reasoning, noting that "motions to dismiss for abuse under section 707(b) are subject to statutory deadlines, presumably foreclosing renewed requests for dismissal as the Chapter 7 case proceeds." *In re Rudler*, 576 F.3d at 44. As a practical matter, therefore, "the 'discrete dispute' over a debtor's abuse of Chapter 7 will be finally resolved when a court denies a motion to dismiss under section 707(b)," rendering the court's order appealable. *Id.*

Three other circuits, addressing the earlier version of § 707(b)—which imposed no filing deadlines on the U.S. Trustee—nonetheless concluded that a bankruptcy court's order denying a § 707(b) motion to dismiss was a final order that was immediately appealable to the district court. *See In re Cortez*, 457 F.3d 448, 453-54 (5th Cir. 2006); *Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1288 (8th Cir. 1997); *In re Christian*, 804 F.2d 46, 47-48 (3d Cir. 1986).

Only the Eleventh Circuit has reached a different conclusion. *See In re Donovan*, 532 F.3d 1134, 1137 (2008). That decision, however, rests on the court's consideration of denials of motions to dismiss under *Chapter 11*, and the court did not address the particular nature and consequences of an order denying a motion to dismiss under § 707(b). The Eleventh Circuit also did not have the benefit of the reasoning in *In re Ross-Tousey* and *In re Rudler*, which did consider the particular nature and consequences of an order denying a § 707(b) motion to dismiss and found such an order to be final and appealable.

We agree with the circuits that have specifically addressed both the current and prior versions of § 707(b) and hold that a bankruptcy court's order denying a § 707(b) motion to dismiss a Chapter 7 case as abusive is a final order within the meaning of 28 U.S.C. § 158(a). Section 707(b) creates a statutory gateway based on whether the case is abusive, and an order denying that motion to dismiss as abusive, in effect, finally and conclusively resolves the issue. If the denial of a § 707(b) motion to dismiss cannot be appealed immediately to the district court, the Chapter 7 proceedings would have to be completed before it could be determined whether the proceedings were abusive in the first place. *See In re Koch*, 109 F.3d at 1288 (citing *In re Christian*, 804 F.2d at 48).

This case presents a good example of the problem that denying an immediate appeal creates. The bankruptcy court denied the Trustee's motion to dismiss for abuse because the court concluded that § 707(b) does not apply to cases converted from Chapter 13 to Chapter 7, even though the court recognized that the "majority of courts having considered the question" disagreed. *In re Dudley*, 405 B.R. at 793 n.2. The district court was thus presented with the purely legal question of whether § 707(b) should apply and could not therefore have concluded that further development of the case would shed new light on the issue. *See In re Rudler*, 576 F.3d at 43. Nonetheless, the district court required the bankruptcy pro-

ceedings to be completed by liquidating the debtor's assets and distributing the proceeds to creditors before the district court even determined whether the petitioners had the right to file their petition in the first place.

It is readily apparent that pragmatic considerations of preserving resources for creditors in bankruptcy and promoting judicial economy weigh heavily in favor of recognizing the finality of an order denying a § 707(b) motion to dismiss. Delaying appellate consideration of abuse could "frustrate both principles of judicial economy and Congress's goal of ensuring that debtors allocate as much of their resources as possible toward repaying their debts." *In re Rudler*, 576 F.3d at 43. The resources of the debtor could be wasted in completing the bankruptcy proceeding before finally resolving the abuse issue. "Requiring trustees to complete Chapter 7 proceedings before appealing denial of their § 707(b) motions wastes debtor resources that should be used to pay creditors, and forces trustees and bankruptcy courts to expend their scarce institutional resources on abusive Chapter 7 petitioners." *In re Koch*, 109 F.3d at 1288.

Also, by recognizing the finality of an order denying a § 707(b) motion, Congress' policy of having the issue of abuse determined at the threshold of a Chapter 7 proceeding is better served.

Finally, an immediate appeal that results in a finding of abuse will give creditors an opportunity to proceed against the limited assets of the debtor outside of bankruptcy while the debtor still has assets to be attached. Postponing that appeal until the end of the bankruptcy proceeding will result in most if not all of those assets being liquidated and distributed under Chapter 7—actions that will have to be unwound, if possible, in the event that the district court disagrees with the bankruptcy court's legal conclusions with respect to the merits of the § 707(b) motion.

Accordingly, we vacate the district court's order of dismissal dated April 28, 2010, and remand for further proceedings.

*VACATED AND REMANDED*