# United States Court of Appeals
## For the Eighth Circuit

_____

## No. 15-2068
_____

Jerry D. Jones

*Plaintiff - Appellant*

v.

Bob Evans Farms, Inc.; Nick Noble; Joy Willis; Tresa Scroggins

*Defendants - Appellees*

------------------------------

National Association of Consumer Bankruptcy Attorneys

*Amicus on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 16, 2015
Filed: January 26, 2016

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Jerry Jones brought this action against his employer Bob Evans Farms, Inc. (Bob Evans) and several Bob Evans employees, alleging employment discrimination in violation of federal and Missouri law. The district court[1] granted summary judgment for Bob Evans, concluding that Jones' failure to disclose his claims in his Chapter 13 bankruptcy proceedings judicially estopped him from pursuing them. Jones appeals, and we affirm.

I.

Jones began working for Bob Evans in June 2009. A few months later he and his wife Sharron Shores filed for Chapter 13 bankruptcy. The trustee filed a motion with the bankruptcy court to deny confirmation of their plan because they had not included Shores' pending workers compensation claim in their bankruptcy schedules. Jones and Shores amended their schedules to include that claim and agreed to make any nonexempt proceeds from it available to their unsecured creditors. The bankruptcy court then confirmed their plan in January 2010. The confirmation order required Jones and Shores to report to the trustee "any events affecting disposable income," specifically including lawsuits that were "received or receivable" during the term of their plan, which would not exceed five years.

Jones quit his job with Bob Evans in May 2012. Six months later he filed a charge of employment discrimination against Bob Evans with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights, claiming that he had experienced race discrimination at work beginning in 2009. After Jones later received a right to sue letter, he filed this lawsuit in Missouri state court against Bob Evans and several of its employees in 2013, alleging violations of Title VII of the Civil Rights Act of 1964 and Missouri law. He did not report the lawsuit to the

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

trustee, however. Bob Evans later removed the discrimination case to the federal district court.

The bankruptcy court terminated Jones and Shores' bankruptcy in July 2014, discharging unsecured debts of $146,499.58. Bob Evans and its employees then filed a motion for summary judgment in Jones' discrimination case which the district court granted, concluding that Jones was judicially estopped from pursuing his claims because he had not disclosed them in the bankruptcy court. The court found that Jones had intentionally failed to disclose his claims to the bankruptcy trustee and concluded that this failure was tantamount to a representation to the bankruptcy court that those claims did not exist. The district court thus concluded that Jones was judicially estopped from pursuing those claims.

Jones filed a motion with the bankruptcy court to reopen the bankruptcy estate, which was granted, and he amended his schedules to include his claims in the instant case. He also filed a motion in the district court, asserting that he had cured his failure to disclose by amending his schedules and requesting the court amend its prior order and deny summary judgment for Bob Evans or, alternatively, grant him relief from that order. The court denied Jones' motion, concluding that his "last minute candor" in reopening the bankruptcy estate did not prevent the application of judicial estoppel to bar his claims. Jones appeals.

II.

We review the order denying Jones' motion to amend the summary judgment order or, alternatively, for relief from that order for an abuse of discretion. See, e.g., United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). Motions to amend "serve the limited function of correcting manifest errors of law or fact." Id. (internal quotation marks omitted). Here, Jones argues that the district court erred in concluding that judicial estoppel barred his claims. We review the district court's

3

underlying application of judicial estoppel for an abuse of discretion, affirming "unless it plainly appears that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the proper factors." Stallings v. Hussmann Corp., 447 F.3d 1041, 1046–47 (8th Cir. 2006) (quoting Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 32 (1st Cir. 2004)).

Judicial estoppel is an equitable doctrine that "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 134.30 (3d ed. 2000)). While "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," three factors inform a court's decision about whether it should apply. Id. at 750. First, a party's later position must be "clearly inconsistent" with its prior position. Id. Second, a court should consider whether a party has persuaded a court to accept its prior position "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." Id. (internal quotation marks omitted). Finally, a court should consider whether the party asserting inconsistent positions "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 751. A party who has filed for bankruptcy may be judicially estopped from pursuing a claim not disclosed in his or her bankruptcy filings. See Stallings, 447 F.3d at 1047. For the following reasons, we conclude that the district court did not abuse its discretion in applying judicial estoppel to bar Jones' claims in this case.

The first New Hampshire factor supports the district court's application of judicial estoppel because Jones took inconsistent positions between his bankruptcy case and this case. Jones' failure to amend his bankruptcy schedules to include his discrimination claims "represented to the bankruptcy court that no such claims existed," and his assertion of those claims in this case is inconsistent with that prior position. Id. at 1049. The National Association of Consumer Bankruptcy Attorneys (NACBA) as amicus

4

argues that Jones' failure to disclose his claims was not a representation that they did not exist because a Chapter 13 debtor has no obligation under the Bankruptcy Code or Rules to disclose causes of action arising after the filing of his bankruptcy petition. Our court has previously concluded, however, that a Chapter 13 debtor who does not amend his bankruptcy schedules to reflect a post petition cause of action adopts inconsistent positions in the bankruptcy court and the court where that cause of action is pending. See id.; see also E.E.O.C. v. CRST Van Expedited, Inc., 679 F.3d 657, 679 (8th Cir. 2012).

Furthermore, in its order confirming Jones' bankruptcy plan the bankruptcy court had expressly required him to report any future lawsuits to the trustee. We conclude that Jones' failure to report his claims to the trustee represented to the bankruptcy court that those claims did not exist regardless of whether he had an independent legal duty to amend his schedules. Jones contends that the bankruptcy court's order only required him to report legal claims to the extent that those claims resulted in disposable income, such as the proceeds from a settlement. We disagree, particularly because the order referred specifically to "lawsuits" rather than "judgments" or "settlements." Indeed, Jones concedes in his opening brief that "the cause of action [against Bob Evans] unquestionably should have been included [in amended schedules]" and that "his failure to amend was a mistake." We conclude that Jones' assertion of inconsistent positions in the courts supports the district court's application of judicial estoppel to bar his claims.

The second New Hampshire factor also supports the district court's application of judicial estoppel because the bankruptcy court, by discharging Jones' unsecured debts, adopted the position that his discrimination claims did not exist. See, e.g., E.E.O.C., 679 F.3d at 679. NACBA argues that the bankruptcy court did not adopt Jones' position that he had no pending legal claims because it eventually reopened his bankruptcy estate and allowed him to add his discrimination claims to his schedules, but "the [bankruptcy] court's original discharge of the debt is sufficient acceptance of the debtor's position to provide a basis for judicial estoppel." Stallings, 447 F.3d at 1048. We therefore conclude that the bankruptcy court accepted Jones' position that his claims in this case did not exist.

The third New Hampshire factor similarly favors the application of judicial estoppel because Jones could have derived an unfair advantage in the bankruptcy proceedings by concealing his claims. If Jones had disclosed his claims, for example, the trustee could have moved the bankruptcy court to order him to make the proceeds from any potential settlement available to his unsecured creditors.[2] See, e.g., In re Waldron, 536 F.3d 1239, 1245 (11th Cir. 2008). NACBA argues that Jones did not in fact benefit from his failure to disclose his claims because as a Chapter 13 debtor he paid his creditors solely out of his income, and he received no income from those claims during his bankruptcy. "[J]udicial estoppel does not require that the nondisclosure must lead to a different result in the bankruptcy proceeding," however, and may apply based on a litigant's intent to mislead the court. Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275 (11th Cir. 2010).

Jones asserts that his failure to disclose his claims was inadvertent and that he did not intend to mislead the court, which would make the application of judicial estoppel improper. See Stallings, 447 F.3d at 1049. Nevertheless, "[a] debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Id. at 1048 (emphasis omitted) (quoting In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999)). Here, it is undisputed that Jones had knowledge of his claims while his bankruptcy case was pending. In addition, our court has previously recognized that a Chapter 13 debtor who receives a right to sue letter from the EEOC while his bankruptcy case is pending has a motive to conceal his employment discrimination claims from that court. Id. at 1048. Moreover, even if a debtor's decision to reopen his bankruptcy estate and amend his schedules could show inadvertence, in this case Jones knew he had to disclose pending legal claims because the trustee had previously moved to deny plan confirmation after he failed to include Shores' workers compensation claim. The district court thus did not err in finding that Jones' failure to disclose his claims was intentional. Accordingly, and based on this analysis of the New Hampshire factors, we conclude that

_____

[2]Notably, that is similar to what the trustee did with respect to Shores' workers compensation claim.

the district court did not abuse its discretion in applying judicial estoppel to bar Jones' claims.

III.

For these reasons we affirm the order of the district court.

_____