# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1710

_____

Yevonne Van Horn

*Plaintiff - Appellant*

v.

Mark Martin, in his Official Capacity of Arkansas Secretary of State; Darrell S. Hedden

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: December 16, 2015
Filed: February 11, 2016

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Yevonne Van Horn brought this action against the Arkansas Secretary of State and the chief of police for the State Capitol Police, alleging employment discrimination in violation of Title VII and retaliation in violation of the Equal

Protection Clause of the Fourteenth Amendment. The district court[1] granted summary judgment for the defendants, concluding that Van Horn's failure to disclose her claims in her Chapter 13 bankruptcy proceedings judicially estopped her from pursuing them. Van Horn appeals, and we affirm.

Van Horn began working as a corporal in the State Capitol Police, a division of the Arkansas Secretary of State's Office, in 1999. In August 2007 Van Horn filed for Chapter 13 bankruptcy and the bankruptcy court confirmed her plan in February 2008. Van Horn's employment was terminated in October 2011 after she failed to pass a required firearms proficiency test. She appealed that decision internally and was reinstated with back pay in November 2011 after receiving intensive training and passing a proficiency test. Soon thereafter she received a verbal warning for violating protocol when turning in her weapon and received an annual twenty eight category performance evaluation which included two unsatisfactory scores. Van Horn then filed a charge of discrimination with the EEOC alleging race and sex discrimination based on the October 2011 termination, her verbal warning, and her performance evaluation. The EEOC issued Van Horn a right to sue letter, but she did not initiate an action and never disclosed her claims to the bankruptcy court.

Van Horn was again terminated in June 2012 for falling asleep in her patrol car. Six days later she filed a second charge of discrimination with the EEOC alleging retaliation and discrimination on the basis of race and sex. Van Horn unsuccessfully attempted to mediate her claims in January 2013 and then made her last bankruptcy payment on February 19, 2013. The Department of Justice issued her a right to sue letter the next day. She filed this action in March 2013, alleging employment discrimination and retaliation. One month after filing this lawsuit, the bankruptcy court discharged $18,391.49 of Van Horn's unsecured debts. In 2014 the Arkansas

---

[1]The Honorable D. Price Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

Secretary of State and the chief of the State Capitol Police moved for summary judgment. The district court granted summary judgment, concluding that Van Horn did not have standing and was judicially estopped from asserting her claims because she had not informed the bankruptcy court about her federal lawsuit. Van Horn appeals.

We review a district court's application of judicial estoppel for an abuse of discretion. Stallings v. Hussmann Corp., 447 F.3d 1041, 1046 (8th Cir. 2006). Judicial estoppel is an equitable doctrine which "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000)). We look to three factors to determine whether judicial estoppel should apply: (1) whether a party's later position is "clearly inconsistent" with its previous position; (2) whether the party succeeded in persuading the first court to accept its position; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage . . . if not estopped." Stallings, 447 F.3d at 1047 (quoting New Hampshire, 532 U.S. at 750–51).

We concluded in Jones v. Bob Evans Farms, Inc., No. 15-2068, slip op. at 3–7 (8th Cir. Jan. 26, 2016) that a Chapter 13 debtor who had not disclosed an employment discrimination lawsuit arising during the pendency of his bankruptcy proceedings was judicially estopped from pursuing his claims because all three estoppel factors supported its application. First, the debtor's "failure to amend his bankruptcy schedules to include his discrimination claims 'represented to the bankruptcy court that no such claims existed'" and it was therefore clearly inconsistent to pursue those claims. Id. at 4 (quoting Stallings, 447 F.3d at 1049). Second, the bankruptcy court adopted the debtor's position that his discrimination claim did not exist when it discharged his unsecured debts. Id. at 5. Third, the debtor could have received an unfair advantage by concealing his claims because if he had

disclosed his claims the bankruptcy "trustee could have moved the bankruptcy court to order him to make the proceeds from any potential settlement available to his unsecured creditors." Id. at 6.

Because Van Horn also failed to amend her Chapter 13 bankruptcy schedules to include her employment discrimination lawsuit which arose during the pendency of her bankruptcy proceedings, all three factors support the application of judicial estoppel in this case. First, Van Horn's employment discrimination suit was clearly inconsistent with her failure to amend her Chapter 13 bankruptcy schedules to include such claims. Second, the bankruptcy court adopted her representation that no claims existed when it discharged $18,391.49 of her unsecured debt. Third, she could have received an unfair advantage because her trustee could have asked the bankruptcy court to order her to make any proceeds from a potential settlement available to her unsecured creditors. The district court did not abuse its discretion in discrediting the after the fact affidavit by the trustee as "speculating." See, e.g., United States v. Fairchild, 122 F.3d 605, 613 (8th Cir. 1997) (noting that credibility determinations are at the discretion of the district court and entitled to great deference on appeal).

Van Horn argues that failure to amend her bankruptcy schedules was a good faith mistake so judicial estoppel should not apply. If a debtor does not have knowledge of undisclosed claims or lacks a motive to conceal them, any failure to disclose them would be a good faith mistake. See Stallings, 447 F.3d at 1048. Here, it is undisputed that Van Horn had knowledge of her claims while her bankruptcy case was pending. Our court has recognized in the past that a Chapter 13 debtor who receives a right to sue letter while her bankruptcy case is pending has a motive to conceal her employment discrimination claims from the bankruptcy court. Id. at 1048. The district court therefore did not err in finding that Van Horn's failure to disclose her claims was not a good faith mistake. Van Horn is thus judicially estopped from pursuing her claims.

For these reasons we affirm the judgment of the district court.

_____