# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1974

_____

In re:                                                  *
                                                        *
Tenny Shikaro Zahn,                                     *
                                                        *
            Debtor.                                     *
_____

                                        *  Appeal from the United States
Tenny Shikaro Zahn,                     *  Bankruptcy Appellate Panel
                                        *  for the Eighth Circuit.
            Appellant,                  *
                                        *
      v.                                *
                                        *
Richard Fink,                           *
                                        *
            Appellee.                   *

_____

Submitted: December 14, 2007
Filed: May 22, 2008

_____

Before RILEY, COLLOTON, and BENTON, Circuit Judges.

_____

RILEY, Circuit Judge.

      The bankruptcy court denied confirmation of Tenny Shikaro Zahn's (Zahn) Chapter 13 plan because Zahn failed to include distributions from her non-filing husband's individual retirement account (IRA). Zahn appealed to the Bankruptcy Appellate Panel (BAP). The BAP dismissed the appeal as interlocutory. Zahn then

amended her plan to include the IRA distributions, and filed an objection to her own plan. Zahn's amended plan was confirmed. Zahn then appealed the confirmation of her amended plan. The BAP also dismissed that appeal, concluding Zahn lacked standing to appeal the order granting confirmation of her own amended plan. Zahn now appeals the BAP's standing determination. We reverse.

## I.    BACKGROUND

The facts of this case are undisputed. Zahn filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code. Zahn's petition did not include the distributions her non-filing husband received from an IRA account. Without the inclusion of the IRA income, Zahn's income fell below the applicable median income for a Chapter 13 debtor, thereby allowing Zahn a plan length of 36 months.

The trustee objected to the confirmation of Zahn's plan arguing Zahn must list her husband's IRA income in her statement of current monthly income. The inclusion of this extra income would place Zahn above applicable median income for a Chapter 13 debtor, and would result in extending the required period of Zahn's plan from 36 months to 60 months. The bankruptcy court agreed with the trustee and denied confirmation of Zahn's plan. Zahn appealed to the BAP, and the BAP denied the appeal as interlocutory.

Zahn filed an amended statement of current monthly income to include her husband's IRA income. Zahn also filed an amended plan, changing only the plan length from 36 months to 60 months. Zahn then objected to her own plan, contending Zahn's non-filing husband's IRA distributions were not part of her income. After the trustee objected to confirmation of the amended plan, Zahn submitted a second amended plan, and Zahn again filed the objection to her second amended plan. The bankruptcy court subsequently confirmed Zahn's second amended plan.

Zahn appealed the confirmation of her second amended plan to the BAP. The BAP determined Zahn "is not an aggrieved party because she prevailed in the bankruptcy court," and the BAP dismissed Zahn's appeal for lack of standing. Zahn appeals, claiming the BAP erred in concluding she lacks standing to appeal the confirmation of her plan.

## II.  DISCUSSION

"Like the BAP, we review the bankruptcy court's interpretation of the Bankruptcy Code de novo and its findings of fact for clear error." In re Farmland Indus., Inc., 397 F.3d 647, 650 (8th Cir. 2005) (citation omitted). "We review issues committed to the bankruptcy court's discretion for an abuse of that discretion." Id. at 650-51 (citation omitted). "The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous." Id. at 651 (citation omitted).

### A.  Standing as Aggrieved Party

The BAP correctly recognized, "[i]n order to have standing to appeal the decision of the bankruptcy court, an appellant must be a person aggrieved." The BAP then concluded "[Zahn] is not an aggrieved party." The BAP reasoned that because the bankruptcy court approved a plan Zahn proposed, the bankruptcy court's approval resulted in a judgment in favor of Zahn. Quoting Elkin v. Metropolitan Prop. & Cas. Ins. (In re Shkolnikov), 470 F.3d 22, 24 (1st Cir. 2006), the BAP stated, "a party cannot prosecute an appeal from a judgment in its favor." The BAP reasoned, "[w]hen the court confirmed her plan, [Zahn] got all the relief for which she asked." We believe there is a flaw in the BAP's reasoning.

Zahn was forced, over her express objection, to propose an amended plan. As the BAP noted, Zahn "preferred her original plan." Zahn amended her plan with provisions she believed were erroneous and not required by the Bankruptcy Code, in order to avoid dismissal. "That a party may appeal from a judgment in his favor when

-3-

there has been some error prejudicial to him, or he has not received all he is entitled to, has quite generally been held by the courts, and there is no sound reason otherwise." Houchin Sales Co. v. Angert, 11 F.2d 115, 118-19 (8th Cir. 1926). The extended length of Zahn's plan—a consequence of the inclusion of her non-filing husband's IRA distributions—is material and prejudicial to Zahn. Zahn is thereby an aggrieved party.

### B.     Appealability of Confirmation Denial

Zahn argues Eighth Circuit case law allows a review of her original plan as part of an appeal of the order confirming her second amended plan despite the fact the bankruptcy court approved a plan she proposed. Zahn cites to Lewis v. United States Farmers Home Admin., 992 F.2d 767, 773 (8th Cir. 1993) where this court explained: "[after final confirmation or a dismissal,] [e]ither party may then appeal from the final disposition of the bankruptcy proceeding and obtain effective, timely resolution of this case." (citations omitted). Zahn also cites In re Pleasant Woods Assoc. Ltd. P'ship, 2 F.3d 837, 838 (8th Cir. 1993), where the court stated, "the rejection of debtor's proposed plan may yet be considered on appeal from a final judgment either confirming an alternative plan, or dismissing the underlying petition or proceeding." (citations and alteration omitted). The BAP stated this language was dicta and contrary to law. We disagree. Whether or not the language of these cases is dicta, we cannot ignore the fact that the statements made by this court in Lewis and In re Pleasant Woods emanate from the principle that confirmation of a plan generally acts as a final order and this court has jurisdiction over final orders, including the events and rulings leading to a final order.

In this case, it is undisputed (1) the confirmation order leaves the bankruptcy court nothing to do but execute the order, and (2) a delay of review could prevent the

-4-

debtor from obtaining relief.[1]  Therefore, confirmation of Zahn's plan is a final order and it is appealable.  See 28 U.S.C. § 158(a)(1) and (d); In re Farmland, 397 F.3d at 650 (stating, "an order entered before the conclusion of a complex bankruptcy case is not appealable . . . unless it finally resolves a discrete segment of that proceeding, that is, a relevant judicial unit of the proceeding.  To decide that pragmatic question, we examine three factors, the extent to which (1) the order leaves the bankruptcy court nothing to do but to execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; [and] (3) the extent to which a later reversal on that issue would require recommencement of the entire proceeding.") (internal quotations and citations omitted); see also In re Broken Bow Ranch, 33 F.3d 1005, 1008 (8th Cir. 1994) (concluding "an order [denying confirmation] is interlocutory—until either a modified plan is confirmed, or the bankruptcy case is dismissed. . . .") (citation omitted).

Not to allow a debtor to appeal confirmation of her own plan would require a debtor to comply with a plan that contains provisions the debtor does not believe are required by the Bankruptcy Code, while losing her right to appeal those provisions. In this case, the pre-confirmation requirement by the bankruptcy court to include the IRA distributions received by the non-filing spouse as part of Zahn's income is an issue strongly disputed by Zahn because she believes the Bankruptcy Code does not mandate such inclusion.  Zahn's confirmed amended plan may be contrary to bankruptcy law and should be subject to appellate review.

Concerned that orders denying confirmation "never receive appellate review" because they are not considered final orders, the BAP invites us to revisit the current state of the law in this circuit regarding the finality of such orders.  We decline the BAP's invitation.  Under Eighth Circuit law, which is consistent with the views of

---

[1]The trustee's brief represents he agrees with Zahn that confirmation of a plan is a final order.

other circuits, an order denying confirmation of a plan, which does not dismiss the case, is not a final order and cannot be appealed. See Lewis, 992 F.2d at 772 (holding a "bankruptcy order, which neither confirms a plan nor dismisses the underlying petition, is not final"); see also In re Groves, 39 F.3d 212, 214 (8th Cir. 1994); and In re Pleasant Woods, 2 F.3d at 838; see also, for example, In re Watson, 403 F.3d 1, 4-5 (1st Cir. 2005); In re Massey, 21 F. App'x. 113, 114 (4th Cir. 2001); and In re Lievsay, 118 F.3d 661, 662-63 (9th Cir. 1997). Such orders leave the way open for negotiations and approval of a modified plan. Because a debtor can obtain meaningful relief either by amending her plan or, as in this case, objecting to her own amended plan and appealing the amended plan's confirmation, we do not see the need to alter our precedent that an order denying confirmation, without dismissal of the case, is not an appealable final order.

## III. CONCLUSION

We hold that a debtor who objects to her own plan may be an aggrieved party and have standing to appeal confirmation of such plan. Based on the foregoing, we reverse and remand for further proceedings consistent with this opinion.

_____