# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2048
_____

In re: O&S Trucking, Inc.

*Debtor*

------------------------------

O&S Trucking, Inc.

*Appellant*

v.

Mercedes Benz Financial Services USA, doing business as Daimler Truck Financial

*Appellee*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: November 17, 2015
Filed: January 22, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

After the bankruptcy court confirmed a reorganization plan proposed by O&S Trucking, Inc. ("O&S"), O&S appealed to the Bankruptcy Appellate Panel ("BAP"). The BAP dismissed the appeal for lack of jurisdiction. We affirm.

I.

O&S owned and operated a fleet of commercial trucks. Many of these trucks were financed or leased from various entities, including Mercedes Benz Financial Services USA (doing business as "Daimler"). In May 2012, O&S filed a voluntary Chapter 11 bankruptcy petition. After Daimler filed a motion seeking adequate protection of its secured interest, Daimler and O&S negotiated an agreed order in which O&S promised to make protection payments to Daimler to cover, among other things, the erosion in value of the Daimler trucks that O&S retained. The parties calculated these protection payments based on their assessment of each truck's value, including $64,500 for each 2010 freightliner. O&S agreed to pay Daimler two percent of each truck's value each month.

After O&S filed a motion for determination of secured status, the bankruptcy court concluded that Daimler had a secured claim and an unsecured claim. The court calculated the secured-claim amount based on: (1) the value of the vehicle collateral retained by O&S and (2) O&S's net post-petition income from the Daimler trucks. The court assessed the present value of the vehicle collateral using the National Automobile Dealers Association retail value of $62,100 for each 2010 freightliner. The court calculated the net income from the Daimler trucks as $51,909.40, a sum that approximated O&S's revenue less its expenses and the protection payments.

O&S moved for reconsideration of the court's secured-status order, alleging several errors. First, O&S contended that the bankruptcy court erred when it relied on the present value of the trucks to calculate the vehicle-collateral sum. O&S argued that Daimler had been afforded a double recovery because the court did not reduce

the present value based on the protection payments that O&S already had made. O&S also argued that the court erred by calculating the additional $51,909.40 net-income figure because Daimler had waived the right to any proceeds in the agreed protection order and because the relevant funds had been commingled with other funds in O&S's account. The bankruptcy court denied reconsideration.

O&S appealed the order and the denial of reconsideration, and the BAP eventually dismissed the appeal for lack of jurisdiction on September 15, 2014. However, while that appeal still was pending before the BAP, O&S proposed a new plan of reorganization to the bankruptcy court. This plan incorporated the bankruptcy court's secured-status order, stating that Daimler's secured claim amounted to $62,100 per truck in vehicle collateral plus $51,909.40 from net income. The plan also stated that this sum was "subject to adjustment" based on "the final outcome of the pending appeal of the Daimler Decision by Debtor and any subsequent appeal." During the confirmation hearing, the court found that the vehicle-collateral calculation was no longer relevant because O&S already had returned all of the retained trucks to Daimler. Accordingly, the court concluded that Daimler's secured claim was limited to $51,909.40. The bankruptcy court then confirmed the reorganization plan.

Following the plan's confirmation, O&S appealed to the BAP. In this appeal, O&S reiterated its argument that the bankruptcy court improperly had calculated the amount of Daimler's secured claim. O&S repeated its contention that the bankruptcy court's order afforded Daimler a double recovery for the vehicle collateral. O&S further argued that the bankruptcy court erred when it supplemented the secured portion of Daimler's claim with an award of $51,909.40 as proceeds from the use of the Daimler trucks. Finally, O&S argued that the bankruptcy court erred by denying the motion for reconsideration. The BAP did not reach the merits of these claims, instead concluding that it lacked jurisdiction over the appeal. O&S now appeals the BAP decision to our court.

II.

We review *de novo* the BAP's determination that it lacked jurisdiction over O&S's appeal. *See GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1016 (8th Cir. 2009). Though the BAP listed two grounds for its decision to dismiss—mootness and lack of standing—we need only agree with one in order to affirm. *See McCarty v. Lasowski (In re Lasowski)*, 575 F.3d 815, 817 (8th Cir. 2009); *Schwartz v. Kujawa (In re Kujawa)*, 323 F.3d 628, 629 (8th Cir. 2003).

O&S's notice of appeal to the BAP listed three orders—the secured-status order, the denial of reconsideration of the secured-status order, and the plan confirmation. At oral argument, the parties agreed that the first two orders were interlocutory and non-final when rendered.[1] Such interlocutory orders merge into a plan confirmation. *See Greenpoint Mortg. Funding, Inc. v. Herrera (In re Herrera)*, 422 B.R. 698, 707 (B.A.P. 9th Cir. 2010), *aff'd & adopted sub nom. Home Funds Direct v. Monroy (In re Monroy)*, 650 F.3d 1300, 1301 (9th Cir. 2011); *cf. Bullard v. Hyde Savings Bank (In re Bullard)*, 752 F.3d 483, 488 & n.8 (1st Cir. 2014*), aff'd sub nom. Bullard v. Blue Hills Bank*, 575 U.S. ---, 135 S. Ct. 1686 (2015). Accordingly, our standing analysis centers on O&S's ability to appeal from the plan confirmation. *Greenpoint Mortg. Funding, Inc.*, 422 B.R. at 707.

The BAP concluded that O&S did not have standing to challenge the bankruptcy court's order confirming its proposed plan. Although the modern Bankruptcy Code does not articulate a standard for appellate standing, our circuit consistently has applied a "person aggrieved" standard derived from the Bankruptcy

---

[1]Prior to the plan's confirmation, O&S argued that the secured-status order and denial of reconsideration were final, appealable orders. O&S has abandoned this position in its present appeal. We note that if the orders were indeed final when rendered, we would lack jurisdiction to consider them now because O&S failed to timely appeal from the BAP's September 15 decision. *See* Fed. R. App. P. 4(a)(1)(A).

-4-

Act of 1898. *See, e.g.*, *Peoples v. Radloff (In re Peoples)*, 764 F.3d 817, 820 (8th Cir. 2014); *accord Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1325 (11th Cir. 2014), *cert. denied sub nom. Atkinson v. Ernie Haire Ford, Inc.*, 577 U.S. ---, 136 S. Ct. 104 (2015). This standard is "more limited than Article III standing or the prudential requirements associated therewith." *Harker v. Troutman* (*In re Troutman Enterprises, Inc.*), 286 F.3d 359, 364 (6th Cir. 2002). "The principal policy underlying the heightened 'standing' requirement is that bankruptcy proceedings—often administratively and procedurally unwieldy—not be prolonged by unnecessary appeals." *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 n.4 (1st Cir. 2001). Under the person-aggrieved doctrine, the appellant has the burden to demonstrate that "the challenged order directly and adversely affect[ed] his pecuniary interests." *Id.* at 118; *accord Fondiller v. Robertson (Matter of Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983) (explaining that a person is aggrieved if an order of the bankruptcy court "diminish[ed] the debtor's property, increase[d] his burdens, or detrimentally affect[ed] his rights").

Generally, under the person-aggrieved doctrine, a debtor lacks standing to appeal a judgment rendered wholly in his favor. *Houchin Sales Co. v. Angert*, 11 F.2d 115, 119 (8th Cir. 1926). However, our court recognizes an exception "when there has been some error prejudicial to [the debtor], or he has not received all he is entitled to." *Id.* at 118-19. When a debtor invokes this exception at the conclusion of bankruptcy proceedings in order to appeal from a favorable plan-confirmation judgment, the exception runs into tension with the strong policy favoring finality. *See Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995) ("Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to *res judicata* effect."). Confronted with this tension, our court outlined the procedure through which a debtor may seek review from a confirmed plan in *Zahn v. Fink (In re Zahn)*, 526 F.3d 1140 (8th Cir. 2008).

In *Zahn*, we examined a case in which a Chapter 13 bankruptcy debtor sought review of an adverse interlocutory ruling. *Id.* at 1141. The debtor appealed the interlocutory order; however, the BAP dismissed the appeal for lack of jurisdiction because the panel concluded that the interlocutory ruling did not constitute a final, appealable order. *Id.*; *see Official Comm. of Unsecured Creditors v. Farmland Industries, Inc. (In re Farmland Indus., Inc.)*, 397 F.3d 647, 649-50 (8th Cir. 2005) (discussing the test for finality in bankruptcy proceedings). To obtain a final, appealable order, the debtor proposed a plan incorporating the bankruptcy court's allegedly erroneous interlocutory ruling. *In re Zahn*, 526 F.3d at 1141. The debtor then objected to her own plan, highlighting her opposition to this disputed provision. *Id.* at 1141-42. Over this objection, the bankruptcy court confirmed the debtor's proposed plan. *Id.* at 1142. The debtor then appealed to the BAP. *Id.* We held that this procedure properly preserved the issue for appeal and demonstrated person-aggrieved status. *Id.* at 1144. In sum, we concluded: "A debtor who objects to her own plan may be an aggrieved party and have standing to appeal confirmation of such plan." *Id.*

In subsequent cases before bankruptcy courts, debtors have complied with this procedure in order to demonstrate standing as persons aggrieved by their plans' confirmations. *See, e.g.*, *Fisette v. Keller (In re Fisette)*, 455 B.R. 177, 180 (B.A.P. 8th Cir. 2011), *as revised* (Nov. 11, 2011); *Timothy v. Anderson (In re Timothy)*, 442 B.R. 28, 29, 31 & n.14 (B.A.P. 10th Cir. 2010). Though *Zahn* involved a Chapter 13 debtor, we note that *Zahn* applies equally in Chapter 11 proceedings because the person-aggrieved standing requirement extends to proceedings under both chapters. *See Sears v. U.S. Tr. (In re AFY)*, 734 F.3d 810, 824 (8th Cir. 2013) (applying the person-aggrieved doctrine in a Chapter 11 case), *cert. denied sub nom. Sears v. Badami*, 572 U.S. ---,134 S. Ct. 2315 (2014). Thus, we hold that a debtor in Chapter 11, like a debtor in Chapter 13, "can obtain meaningful relief . . . [by] objecting to her own amended plan and appealing the amended plan's confirmation." *In re Zahn*, 526 F.3d at 1143.

As the BAP recognized, O&S did not follow the *Zahn* procedure because O&S failed to object to its proposed plan. The court thus did not have before it an objection from O&S when it confirmed the plan, and O&S did not obtain an adverse ruling along with the bankruptcy court's favorable confirmation judgment. *Cf. Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994) (stating that a creditor must raise an objection to attain person-aggrieved status); *Matter of Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992) (same); *In re Szostek*, 886 F.2d 1405, 1413 (3d Cir. 1989) (stating that, as a general rule, the absence of an objection indicates acceptance of a plan's terms). The BAP found this omission fatal to O&S. On the facts of the present case, we agree.

On appeal to our court, O&S argues that it had standing despite its failure to comply with *Zahn* because the confirmed plan included a provision stating that the amount of Daimler's secured claim was "subject to adjustment" based on "the final outcome of the pending appeal of the Daimler Decision by Debtor and any subsequent appeal." We recognize that parties may use such language in a reorganization plan to condition the amount of a claim based on the outcome of then-pending litigation related to an interlocutory order. *See In re Farmland*, 397 F.3d at 650. And we note that this provision properly conditioned the amount of Daimler's claim on the outcome of the appeal from the secured-status order that had been pending before the BAP at the time of the plan's submission—an appeal that the BAP ultimately dismissed in a decision that O&S did not appeal to our court.

However, we conclude that the imprecise language used by O&S was insufficient to meet *Zahn*'s requirement that a debtor object to a plan in order to demonstrate person-aggrieved status. The reservation did not articulate O&S's objection to the plan, nor did it specifically reference O&S's intent to appeal from the plan confirmation on the basis of the secured-status order incorporated therein. In light of the strong policy favoring finality in bankruptcy proceedings, we find that the language in the confirmed plan was not sufficient to reserve O&S's right to appeal

-7-

from the plan confirmation or to place the bankruptcy court and creditors on notice that O&S would seek such relief.[2] *Cf. D & K Properties Crystal Lake v. Mut. Life Ins. Co. of New York*, 112 F.3d 257, 261 (7th Cir. 1997) (refusing to enforce a broad reservation in a confirmed plan because "hold[ing] otherwise would eviscerate the finality of a bankruptcy plan containing such a reservation, a result at odds with the very purpose of a confirmed bankruptcy plan"); *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1002 (8th Cir. 2013) (noting that, under Missouri law, ambiguities in contract are construed against the drafter); *Fieber's Dairy, Inc. v. Purina Mills, Inc.*, 331 F.3d 584, 587 (8th Cir. 2003) (citing favorably to *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir. 1993), for the proposition that Chapter 11 plans are construed as contracts, which are interpreted under the governing state's law). We therefore conclude that the BAP correctly held that O&S failed to carry its burden to demonstrate standing.[3]

## III.

For the foregoing reasons, we agree that the BAP lacked jurisdiction over the appeal from the confirmation order, and we affirm.

---

[2]We need not determine whether other, more specific language would have been an appropriate substitute for *Zahn*'s objection requirement. It is enough to say that the imprecise language employed here did not suffice.

[3]Because we affirm based on standing, we do not reach the BAP's mootness determination.